United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

Chaparral Energy, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

7 3 – 1 5 9 0 9 4 1

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|

701    Cedar Lake Blvd.
Number    Street

Number        Street

P.O. Box

Oklahoma City        OK    73114
City            State    ZIP Code

City            State    ZIP Code

Location of principal assets, if different from principal place of business

Oklahoma
County

Number        Street

City            State    ZIP Code

5. **Debtor's website (URL)**

http://www.chaparralenergy.com/

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

Debtor    Chaparral Energy, Inc.                                                    Case number (*if known*)_____
            **Name**

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

   2   1   1   1

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.  District _____ When _____ Case number _____
                             MM / DD / YYYY

        District _____ When _____ Case number _____
                             MM / DD / YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.  Debtor  See Attached Schedule 1 _____  Relationship  Affiliate_____

       District Delaware _____  When  Date Hereof_____
                                             MM / DD / YYYY

       Case number, if known _____

| Debtor | Chaparral Energy, Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                                State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ■ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor     Chaparral Energy, Inc.                 Case number (*if known*)_____
       Name

**16. Estimated liabilities**

☐ $0-$50,000      ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million    ☑ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☐ $100,000,001-$500 million   ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/09/2016
MM / DD / YYYY

X _Mark A. Fischer_ (signature)     Mark A. Fischer
Signature of authorized representative of debtor     Printed name

Title Chief Executive Officer

**18. Signature of attorney**

X _____     Date 05/09/2016
Signature of attorney for debtor        MM / DD / YYYY

Mark D. Collins
Printed name

Richards, Layton & Finger, P.A.
Firm name

920    North King Street
Number   Street

Wilmington              DE    19801
City                  State   ZIP Code

(302) 651-7700         Collins@rlf.com
Contact phone           Email address

2981           Delaware
Bar number         State

## SCHEDULE 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), filed a petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Date Filed | District |
|---|---|---|
| Chaparral Energy, Inc. | May 9, 2016 | Delaware |
| CEI Acquisition, L.L.C. | May 9, 2016 | Delaware |
| CEI Pipeline, L.L.C. | May 9, 2016 | Delaware |
| Chaparral Biofuels, L.L.C. | May 9, 2016 | Delaware |
| Chaparral $CO_2$, L.L.C. | May 9, 2016 | Delaware |
| Chaparral Energy, L.L.C. | May 9, 2016 | Delaware |
| Chaparral Exploration, L.L.C. | May 9, 2016 | Delaware |
| Chaparral Real Estate, L.L.C. | May 9, 2016 | Delaware |
| Chaparral Resources, L.L.C. | May 9, 2016 | Delaware |
| Green Country Supply, Inc. | May 9, 2016 | Delaware |
| Roadrunner Drilling, L.L.C. | May 9, 2016 | Delaware |

## RESOLUTIONS ADOPTED BY

## UNANIMOUS WRITTEN CONSENT OF DIRECTORS

## OF

## CHAPARRAL ENERGY, INC.

On this 9th day of May, 2016, the undersigned, being all of the members of the board of directors (the "**Board of Directors**") of Chaparral Energy, Inc., a Delaware corporation (the "**Company**," and, together with CEI Acquisition, L.L.C., CEI Pipeline, L.L.C., Chaparral Biofuels, L.L.C., Chaparral $CO_2$, L.L.C., Chaparral Energy, L.L.C., Chaparral Exploration, L.L.C., Chaparral Real Estate, L.L.C., Chaparral Resources, L.L.C., Roadrunner Drilling, L.L.C. and Green Country Supply, Inc., the "**Companies**"), hereby consent in writing, pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, based on the advice of the Company's professionals and advisors, and after thorough discussions, to taking the following actions and adopting the following resolutions:

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company, its creditors and stockholders that the Company seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"); and it is further

RESOLVED, that the Company is hereby authorized, and each "**Authorized Person**" (as defined below) shall be, and hereby is, authorized and directed on behalf of the Company, to commence a case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in such form and at such time as the Authorized Person executing said petition shall determine; and it is further

RESOLVED, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and directed on behalf of the Company as a member of each of the Companies, to take any and all action required for each such entity to commence a case under Chapter 11 of the Bankruptcy Code and otherwise to allow each such entity to seek relief under the provision of Chapter 11 of the Bankruptcy Code, including but not limited to executing and delivering any written consent as a member of each such entity or any other document in its capacity as a member of each such entity in connection with such case under Chapter 11; and it is further

RESOLVED, that the Company is authorized, and each Authorized Person shall be, and hereby is, authorized and directed on behalf of the Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "**Chapter 11 Cases**"); and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Person, including the grant of replacement liens, as is reasonably necessary for the continuing conduct of the affairs of the Company; and it is further

**RESOLVED**, that the Company is authorized, and each Authorized Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to the extent applicable, to enter into and seek authority from the Bankruptcy Court to enter into any restructuring support or similar agreements in connection with the Chapter 11 Cases and to enter into, and/or seek approval of, any agreements, documents or instruments related thereto; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person be, and hereby is, authorized, directed and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers; and to take any and all actions that the Authorized Person deems necessary or appropriate; each in connection with the Chapter 11 Cases or any cash collateral usage contemplated hereby; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain the law firms of Latham & Watkins LLP and Richards, Layton & Finger, P.A. to act as attorneys and Evercore Group L.L.C. to act as investment banker and financial advisor for the Company in connection with the Chapter 11 Cases; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain Opportune LLP to, among other things, act as business advisor and consultant to the Company; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by the Authorized Person to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be

taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Person**" shall mean and include Mark A. Fischer and Joseph O. Evans.

This Consent may be executed in one or more counterparts.

The Secretary of the Company is hereby directed to place an executed copy of this Consent in the minutes of the proceedings of the Board of Directors.

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent on the date first set forth below.

_____
Mark A. Fischer, Director
May 9, 2016

_____
Charles A. Fischer Jr., Director
May __, 2016

_____
K. Earl Reynolds, Director
May 9, 2016

_____
Chris Behrens, Director
May __, 2016

_____
Will Jaudes, Director
May __, 2016

4

This Consent may be executed in one or more counterparts.

The Secretary of the Company is hereby directed to place an executed copy of this Consent in the minutes of the proceedings of the Board of Directors.

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent on the date first set forth below.

_____
Mark A. Fischer, Director
May __, 2016

_____
Charles A. Fischer Jr., Director
May _9_, 2016

_____
K. Earl Reynolds, Director
May __, 2016

_____
Chris Behrens, Director
May __, 2016

_____
Will Jaudes, Director
May __, 2016

This Consent may be executed in one or more counterparts.

The Secretary of the Company is hereby directed to place an executed copy of this Consent in the minutes of the proceedings of the Board of Directors.

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent on the date first set forth below.


_____
Mark A. Fischer, Director
May __, 2016


_____
Charles A. Fischer Jr., Director
May __, 2016


_____
K. Earl Reynolds, Director
May __, 2016


_____
Chris Behrens, Director
May 9, 2016


_____
Will Jaudes, Director
May __, 2016

This Consent may be executed in one or more counterparts.

The Secretary of the Company is hereby directed to place an executed copy of this Consent in the minutes of the proceedings of the Board of Directors.

**IN WITNESS WHEREOF,** the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent on the date first set forth below.


_____
Mark A. Fischer, Director
May ___, 2016


_____
Charles A. Fischer Jr., Director
May ___, 2016


_____
K. Earl Reynolds, Director
May ___, 2016


_____
Chris Behrens, Director
May ___, 2016


_____
Will Jaudes, Director
May 9, 2016

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------   x
In re:                                                        :    Chapter 11
                                                              :
CHAPARRAL ENERGY, INC., et al.,                               :    Case No. 16-_____ (_____)
                                                              :
              Debtors.¹                                       :    Joint Administration Pending
                                                              :
----------------------------------------------------------   x
```

## CONSOLIDATED LIST OF CREDITORS WHO HAVE THE
## 30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby certify that the *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' top 30 unsecured creditors. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral $CO_2$, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: **Chaparral Energy, Inc., et al.**

United States Bankruptcy Court for the **District of Delaware**

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON SAVINGS FUND SOCIETY, FSB 501 CARR ROAD WILMINGTON, DE 19809 | PATRICK J. HEALY, VP AND DIRECTOR T: 302-888-7420 F: 302-421-9137 | 7.625% Senior Notes due 2022 | | | | $525,910,000 |
| 2 | WILMINGTON SAVINGS FUND SOCIETY, FSB 501 CARR ROAD WILMINGTON, DE 19809 | PATRICK J. HEALY, VP AND DIRECTOR T: 302-888-7420 F: 302-421-9137 | 8.25% Senior Notes due 2021 | | | | $384,045,000 |
| 3 | WILMINGTON SAVINGS FUND SOCIETY, FSB 501 CARR ROAD WILMINGTON, DE 19809 | PATRICK J. HEALY, VP AND DIRECTOR T: 302-888-7420 F: 302-421-9137 | 9.875% Senior Notes due 2020 | | | | $298,000,000 |
| 4 | OKLAHOMA ENERGY ACQUISITIONS LP 15021 KATY FREEWAY STE 400 HOUSTON, TX 77094 | T: 281-530-0991 F: 281-530-5278 | Working Interest/ Royalty | | | | $1,264,400 |
| 5 | BLUE CROSS BLUE SHIELD OF OKLAHOMA 1215 SOUTH BOULDER TULSA, OK 74102-3283 | T: 405-841-9514 F: 405-841-9575 | Health Insurance | | | | $675,000 |
| 6 | FIDELITY INVESTMENTS ONE DESTINY WAY WESTLAKE, TX 76262 | T: 800-448-0539 F: 817-474-5031 | 401k Plan | | | | $400,000 |
| 7 | JBD OKLAHOMA LLC PO BOX 1497 PAWHUSKA, OK 74056 | GARY STRAHAN T: 918-287-3926 | Working Interest/ Royalty | | | | $301,000 |
| 8 | WARRIOR EXPLORATION & PROD LLC 97 STATE HIGHWAY 123 BARNSDALL, OK 74002 | | Working Interest/ Royalty | | | | $232,800 |
| 9 | TREK RESOURCES INC 4925 GREENVILLE AVE STE 915 DALLAS, TX 75206 | T: 214-373-0318 F: 214-373-8035 | Working Interest/ Royalty | | | | $222,600 |

Debtor: **Chaparral Energy, Inc.,** *et al.*                                                  Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | CHESAPEAKE EXPLORATION LLC PO BOX 548806 OKLAHOMA CITY, OK 73154-8806 | T: 405-879-9334 F: 405-879-9572 | Working Interest/ Royalty | | | | $209,600 |
| 11 | CYNTHIA C DAVIS 401 S BOSTON AVE SUITE 2800 TULSA, OK 74103 | T: 918-587-7782 F: 918-587-7783 | Working Interest/ Royalty | | | | $202,400 |
| 12 | HERBER FAMILY LLC 332 S MAIN PO BOX 545 SHATTUCK, OK 73858 | ANN HERBER T: 580-334-1291 | Working Interest/ Royalty | | | | $181,200 |
| 13 | RED MOUNTAIN ENERGY LLC 6832 N ROBINSON AVE OKLAHOMA CITY, OK 73116 | T: 405-842-4500 E: lholman@redmountainenergy.net | Working Interest/ Royalty | | | | $146,900 |
| 14 | EAGLE ROAD OIL LLC PO BOX 97 PENNS PARK, PA 18943 | | Working Interest/ Royalty | | | | $134,200 |
| 15 | TIPTOP OIL & GAS US LLC PO BOX 2406 OKLAHOMA CITY, OK 73101 | T: 405-898-8200 F: 405-898-8292 | Working Interest/ Royalty | | | | $118,100 |
| 16 | XTO ENERGY INC PO BOX 730586 DALLAS, TX 75373-0586 | T: 817-885-2272 F: 817-887-0813 | Working Interest/ Royalty | | | | $104,000 |
| 17 | NATURAL GAS ANADARKO COMPANY INC PO BOX 809 1800 S. MAIN ST PERRYTON, TX 79070-0809 | T: 806-435-2426 F: 806-435-2426 | Working Interest/ Royalty | | | | $103,100 |
| 18 | M&M SUPPLY COMPANY PO BOX 870164 KANSAS CITY, MO 64187-0164 | T: 580-252-7879 F: 580-252-7708 | Trade Debt | | | | $107,612 |
| 19 | SUN RESOURCES, INC P. O. BOX 3712 LONGVIEW, TX 75606 | T: 903-452-2445 | Trade Debt | | | | $84,867 |
| 20 | TECH MANAGEMENT LLC C/O GLOBE CHEMICALS LLC PO BOX 51168 MIDLAND, TX 79710 | BROOKE SMITH T: 432-684-4939 F: 432-684-7610 | Trade Debt | | | | $70,824 |
| 21 | SOLOMON CORPORATION 103 WEST MAIN STREET PO BOX 245 SOLOMON, KS 67480 | T: 785-655-2191 F: 785-655-2502 | Trade Debt | | | | $69,165 |
| 22 | PUBLIC SERVICE CO OF OKLAHOMA PO BOX 24421 CANTON, OH 44701-4421 | T: 888-216-3523 | Trade Debt | | | | $67,181 |
| 23 | QUICK PUMP SERVICE LLC PO BOX 813 HENNESSEY, OK 73742 | T: 405-853-2223 F: 405-853-2470 E: quickpump@pldi.net | Trade Debt | | | | $53,950 |

Debtor: **Chaparral Energy, Inc.,** *et al.*                                                Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | SIMONS PETROLEUM LLC PO BOX 676686 DALLAS, TX 75267-6686 | T: 800-256-2056 F: 405-848-3508 | Trade Debt | | | | $49,103 |
| 25 | MEADOR INDUSTRIES LP 358 SOUTHWIND CIRCLE ABILENE, TX 79602 | CONNIE MEADOR T: 325-793-1082 F: 325-793-1076 | Trade Debt | | | | $43,332 |
| 26 | BULLDOG CHEMICALS LLC 29030 LAKE HOUSTON LANE HUFFMAN, TX 77336 | T: 281-360-7315 F: 281-360-7815 | Trade Debt | | | | $42,917 |
| 27 | GE OIL & GAS ESP INC 5500 SE 59TH ST OKLAHOMA CITY, OK 73135 | T: 405-527-5544 F: 405-527-7161 | Trade Debt | | | | $41,594 |
| 28 | BOSTICK SERVICES CORP PO BOX 536 CRESCENT, OK 73028 | T: 405-260-0306 F: 405-260-0345 | Trade Debt | | | | $41,550 |
| 29 | BACHMAN SERVICES INC PO BOX 96265 OKLAHOMA CITY, OK 73143 | T: 405-677-8296 F: 405-677-7483 | Trade Debt | | | | $40,800 |
| 30 | ARROW PUMP & SUPPLY OF SEMINOLE LLC PO DRAWER 1070 SEMINOLE, OK 74818 | T: 405-382-0644 F: 405-382-5815 E: arrowpumpaccounting@yahoo.com | Trade Debt | | | | $40,621 |

Fill in this information to identify the case and this filing:

Debtor Name __Chaparral Energy, Inc._____

United States Bankruptcy Court for the District of Delaware

Case number (if known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐     *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐     *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐     *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐     *Schedule H: Codebtors* (Official Form 206H)

☐     *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐     *Amended Schedule* ___

☐     *Chapter 11* or *Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒     Other document that requires a declaration  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/09/2016          X _____
             MM/DD/YYYY                Signature of individual on behalf of debtor

                                       Mark A. Fischer
                                       Printed name

                                       Chief Executive Officer
                                       Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
In re:                                        :    Chapter 11
                                              :
CHAPARRAL ENERGY, INC.,¹                      :    Case No. 16-_____ (__)
                                              :
            Debtor.                           :    Joint Administration Pending
                                              :
----------------------------------------------------------- x
```

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Fed. R. Bankr. P., Chaparral Energy, Inc. ("**Chaparral Energy**"), on behalf of itself and its affiliated debtors in the above-captioned cases (collectively, the "**Debtors**"), respectfully represents as follows:

1.    Chaparral Energy is the corporate parent of each of the other Debtors in these chapter 11 cases and directly or indirectly owns 100% interest in all of the Debtors.[2]

2.    Chaparral Energy's equity securities are privately held.  The following is a list of entities that own 10% or more of the issued and outstanding common stock of Chaparral Energy:

   a.  CCMP Capital Investors II (AV-2), L.P., a Delaware limited partnership, CCMP Energy I LTD., a Cayman limited company, and CCMP Capital Investors (Cayman) II, L.P., a Cayman limited partnership, collectively own 36.18% of the issued and outstanding common stock in Chaparral Energy.
   b.  Fischer Investments, L.L.C., an Oklahoma limited liability company, owns 24.53% of the issued and outstanding common stock in Chaparral Energy.
   c.  Healthcare of Ontario Pension Plan Trust Fund, a pension plan trust fund formed in the Province of Ontario, owns 21.17% of the issued and outstanding common stock in Chaparral Energy.
   d.  Altoma Energy GP, an Oklahoma general partnership, owns 15.06% of the issued and outstanding common stock in Chaparral Energy.

---

[1]    The last four digits of the Debtor's taxpayer identification number is 0941 and its address is 701 Cedar Lake Blvd., Oklahoma City, OK  73114.

[2]    A corporate organizational chart depicting the ownership structure of the Debtors is attached as <u>Exhibit A</u> to the *Declaration of Mark A. Fischer, Chief Executive Officer of Chaparral Energy, Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed concurrently herewith.

Fill in this information to identify the case and this filing:

Debtor Name   Chaparral Energy, Inc.

United States Bankruptcy Court for the District of Delaware

Case number *(if known)*: _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors                     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule ____*

☐     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒     Other document that requires a declaration  Statement of Corporate Ownership; List of Equity Security Holders Over 10%

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/09/2016        X   *[signature]*
                 MM/DD/YYYY                Signature of individual on behalf of debtor

                                    Mark A. Fischer
                                    Printed name

                                    Chief Executive Officer
                                    Position or relationship to debtor