## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
In re:                                  :   Chapter 11
                                        :
CHAPARRAL ENERGY, INC., et al.,         :   Case No. 16-_____ (_____)
                                        :
        Debtors.¹                       :   Joint Administration Pending
                                        :
-------------------------------------------------------- x
```

## MOTION OF DEBTORS FOR ORDER UNDER 11 U.S.C. §§ 105(A), 362(A)(3), AND 541 ESTABLISHING CERTAIN NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF, OR WORTHLESSNESS DEDUCTIONS WITH RESPECT TO, CERTAIN EQUITY INTERESTS OF CHAPARRAL ENERGY, INC.

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") hereby move (this "**Motion**") for entry of interim and final orders under sections 105(a), 362(a)(3), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**") and Rules 3001 and 3002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), establishing certain notice and hearing procedures that must be satisfied before certain shareholders may make transfers of, or worthlessness deductions with respect to, equity interests in Chaparral Energy, Inc. ("**Chaparral**"). These procedures will generally apply to any person or shareholder who owns, directly or indirectly, more than a certain percentage of Chaparral common stock. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Mark A. Fischer, Chief Executive Officer of Chaparral Energy, Inc., in*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

*Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently

herewith (the "**First Day Declaration**").  In further support of this Motion, the Debtors, by and

through their undersigned counsel, respectfully represent:

## JURISDICTION

1.    The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Chapter 11 Cases

and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief requested herein are Bankruptcy Code sections 105(a), 362(a)(3), and

541.  Such relief is warranted under Bankruptcy Rules 3001 and 3002.

## BACKGROUND

2.    On May 9, 2016 (the "**Petition Date**"), the Debtors filed voluntary

petitions in the Court commencing cases for relief under chapter 11 of the Bankruptcy Code.

The factual background regarding the Debtors, including their business operations, their capital

and debt structures and the events leading to the filing of the Chapter 11 Cases, is set forth in

detail in the First Day Declaration and is fully incorporated herein by reference.

3.    The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Bankruptcy Code sections 1107 and 1108.  No trustee or examiner has

been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4.    The relief sought by this Motion will allow the Debtors to monitor certain

transfers of, and certain worthlessness deductions with respect to, Chaparral equity interests so

that the Debtors can act expeditiously to prevent such transfers or deductions, if necessary, and

preserve the potential value of net operating losses ("**NOLs**"), tax credits, and certain other tax

attributes (collectively, "**Tax Attributes**"). This will allow the Debtors the flexibility to develop a chapter 11 plan of reorganization that will maximize the use and value of their Tax Attributes. Immediate entry of the Interim Order, in substantially the form attached hereto as <u>Exhibit A</u> (the "**Interim Order**"), is necessary to preserve the status quo in this regard.

5.      In addition, the Debtors request that the Court schedule a final hearing within thirty (30) days of the Petition Date to consider approval of this Motion on a final basis, provided, that in the event no objections to this Motion or the Interim Order are timely received, the Debtors request that the Court enter the Final Order, in substantially the form attached hereto as <u>Exhibit B</u> (the "**Final Order**"), without the need for a final hearing.

6.      The Debtors' Tax Attributes are valuable assets of the Debtors' estates because the Internal Revenue Code of 1986, as amended (the "**Tax Code**"), generally permits a corporation to carry forward such corporation's NOLs and tax credits to offset future taxable income, thereby reducing their U.S. federal income tax liability in future periods.[2]  Depending upon future operating results of the Debtors and absent any intervening limitations prior to the effective date of the Debtors' chapter 11 plan of reorganization, the Debtors' Tax Attributes could allow the Debtors to significantly reduce their future U.S. federal income tax liability, including by offsetting any taxable income that may result from transactions completed in connection with the Debtors' chapter 11 plan of reorganization. These savings could substantially enhance the Debtors' value and contribute to the Debtors' efforts toward a successful reorganization.

7.      The ability of a corporation to use its Tax Attributes to reduce future U.S. federal income tax liability is subject to certain limitations under section 382 of the Tax Code

---

[2]      *See* 26 U.S.C. §§ 39, 172.

("**Section 382**").  In general, if a corporation undergoes an "ownership change," Section 382

imposes an annual limitation on the corporation's ability to use its Tax Attributes to offset future

taxable income.  Under Section 382, an ownership change occurs when the percentage (by value)

of a corporation's equity held by one or more "5-percent shareholders" (as such term is defined

in Section 382) increases by more than fifty (50) percentage points over the lowest percentage of

stock owned by such shareholders at any time during the preceding three-year period or since the

last ownership change, as applicable (the "**Testing Period**").[3]

8.      Section 382 imposes an annual limitation on the amount of taxable income

that can be offset by pre-change-of-ownership losses to an amount equal to the long-term tax

exempt bond rate (as published monthly by the United States Treasury), as of the ownership

change date, multiplied by the value of the stock of the corporation immediately before the

ownership change (a "**Section 382 Limitation**").  Under certain circumstances, built-in losses

recognized during the five-year period after the ownership change date are subject to similar

annual limitations.  Accordingly, an ownership change under Section 382 prior to the effective

date of a chapter 11 plan of reorganization may hinder or significantly reduce the ability of the

Debtors to use their Tax Attributes on a reorganized basis, thereby resulting in a loss of potential

value to the Debtors and the Debtors' estates.

9.      Similarly, an ownership change may result if a shareholder who

---

[3]      For example, assume (i) an individual ("**A**") owns 50.1% of the stock of corporation XYZ ("**XYZ**") and (ii) A sells her 50.1% interest in XYZ to another individual ("**B**"), who currently owns 5% of XYZ's stock.  Under Section 382, an ownership change has occurred upon B's acquisition of A's 50.1% interest in XYZ because the percentage of XYZ stock held by B has increased more than fifty (50) percentage points (from 5% to 55.1%) during the Testing Period.  The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a "5-percent shareholder" and increases the percentage of XYZ stock B holds by more than fifty (50) percentage points during the Testing Period.  To be clear, a "5-percent shareholder" increasing its holding by 50 *percent* (*i.e.*, from 5% to 7.5%) as opposed to 50 *percentage points* would not, in and of itself, result in an "ownership change" under Section 382.  Any subsequent ownership change with respect to XYZ would be determined based only on equity transfers that occur subsequent to the ownership change resulting from the transaction between A and B described immediately above.

beneficially owns 50-percent or more of Chaparral common stock were, for federal or state income tax purposes, to treat the Chaparral common stock held by such shareholder as becoming worthless (*i.e.*, taking a worthless stock deduction with respect to such stock) for any tax year ending prior to the Debtors emerging from chapter 11 protection.  Under section 382(g)(4)(D) of the Tax Code, such shareholder would be treated as having transferred such stock, which could trigger an ownership change, and thus could adversely affect the Debtors' ability to fully utilize their Tax Attributes.

10.    The Debtors seek authorization to protect and preserve their Tax Attributes by (a) establishing certain notification and hearing procedures regarding the transfer of Chaparral equity interests that must be complied with before transfers of such equity interests become effective and (b) establishing similar notice and hearing procedures regarding the taking of any worthlessness deduction, for federal or state income tax purposes, with respect to Chaparral common stock.

### A.  Equity Transfers

11.    By establishing procedures for continuously monitoring the transfers of Chaparral equity interests, the Debtors can preserve their ability to seek substantive relief at the appropriate time, particularly if it appears that additional transfers may jeopardize the Debtors' ability to fully utilize their Tax Attributes.  Accordingly, the Debtors request that the Court enter an order establishing the following procedures for the transfer of Chaparral equity interests (the "**Equity Transfer Procedures**"):

(a)    Any person or entity (as defined in Treasury Regulations section 1.382-3(a)) who currently is or hereafter becomes a Substantial Shareholder (as such term is defined in paragraph (e) below) must file with the Court, and serve upon the Debtors and counsel for the Debtors, a notice of such status, in substantially the form attached hereto as Exhibit C, on or before the later of (i) twenty (20)

5

calendar days after entry of the Interim Order or (ii) ten (10) days after becoming a Substantial Shareholder.

(b)     At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended transfer of equity interests, in substantially the form attached hereto as Exhibit D (each a "**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate**").

(c)     At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock) that would result in a decrease in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended transfer of equity interests, in substantially the form attached hereto as Exhibit E (each a "**Notice of Intent to Sell, Trade, or Otherwise Transfer**" and, collectively with each Notice of Intent to Purchase, Acquire, or Otherwise Accumulate, a "**Notice of Proposed Transfer**").

(d)     The Debtors shall have twenty (20) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve upon such Substantial Shareholder, person or entity an objection to any proposed transfer of equity interests described in the Notice of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transfer would not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 20-day period, such transfer shall be permitted to proceed solely as set forth in the Notice of Proposed Transfer.  Further transfers within the scope of this paragraph (d) shall be the subject of additional notices as set forth herein, with additional 20-day waiting periods.

(e)     For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that beneficially owns in excess of 66,195

shares (representing approximately 4.75%[4] of all issued and outstanding shares[5]) of Chaparral common stock, (ii) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(f)     Effective as of the Petition Date and until further order of the Court to the contrary, any purchase, sale, or other transfer of beneficial ownership of Chaparral common stock, including options to acquire Chaparral common stock, in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

### B.  Worthless Stock Deductions

12.     The Debtors also request that the Court enter an order establishing similar

notice and hearing procedures restricting the ability of shareholders that beneficially own or have

beneficially owned 50% or more, by value, of Chaparral common stock to take worthless stock

---

[4]     In general, under section 382(g)(4)(A) of the Tax Code, all shareholders who, individually, beneficially own less than 5% of the stock of a corporation are deemed to be a single 5-percent shareholder throughout the Testing Period, and transfers between such shareholders are disregarded for purposes of determining whether an ownership change has occurred (the "**public group rule**").  Thus, so long as 50% or more of the stock of such corporation is beneficially owned by less than 5-percent shareholders throughout the Testing Period, there will be no change of ownership due to the public group rule.  Accordingly, the Debtors do not seek to impose the notice and hearing procedures on transfers by shareholders beneficially owning less than 4.75% of Chaparral common stock; *provided*, however, that such shareholders do not intend to accumulate a 4.75% or greater block of such stock or add or sell shares to or from such a block.  Using 4.75% instead of 5% to calculate the threshold amount allows for a prudent margin of error.

[5]     Based on 1,393,565 shares of Chaparral common stock outstanding as of March 31, 2016.

deductions on their federal or state income tax returns for a tax year ending before the Debtors

emerge from chapter 11 protection.  Under section 382(g)(4)(D) of the Tax Code, any stock held

by such a shareholder would be treated as being transferred if such shareholder takes a

worthlessness deduction with respect to such stock.  It is therefore essential that shareholders that

beneficially own or have beneficially owned 50% or more of Chaparral common stock defer

taking such worthlessness deductions until a tax year ending after the Debtors have emerged

from bankruptcy.

13.    By restricting 50-percent Shareholders from taking worthless stock

deductions for any tax year ending prior to the Debtors' emergence from chapter 11 protection,

the Debtors can preserve their ability to seek substantive relief at the appropriate time.

Accordingly, the Debtors request that the Court enter an order establishing the following

procedures (the "**Worthless Stock Deduction Procedures**"):

(a)    Any person or entity that currently is or becomes a 50-percent
Shareholder (as such term is defined in paragraph (d) below) must
file with the Court, and serve upon the Debtors and counsel for the
Debtors, a notice of such status, in substantially the form attached
hereto as Exhibit F, on or before the later of (i) twenty (20)
calendar days after entry of the Interim Order or (ii) ten (10) days
after becoming a 50-percent Shareholder.

(b)    At least thirty (30) calendar days prior to filing any federal or state
income tax return, or any amendment to such a return, taking any
worthlessness deduction with respect to Chaparral common stock
for a tax year ending before the Debtors' emergence from chapter
11 protection, such 50-percent Shareholder must file with the
Court, and serve upon the Debtors and counsel for the Debtors, an
advance written notice of the intended worthlessness deduction, in
substantially the form attached hereto as Exhibit G (each a "**Notice
of Intent to Take a Worthless Stock Deduction**").

(c)    The Debtors shall have thirty (30) calendar days after receipt of a
Notice of Intent to Take a Worthless Stock Deduction to file with
the Court and serve upon such 50-percent Shareholder an objection
to any proposed worthlessness deduction described in the Notice of

8

Intent to Take a Worthless Stock Deduction on the grounds that such deduction might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, the filing of the income tax return with such deduction would not be permitted or effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 30-day period, the filing of the income tax return with such deduction shall be permitted as set forth in the Notice of Intent to Take a Worthless Stock Deduction.  Additional income tax returns within the scope of this paragraph (c) shall be the subject of additional notices as set forth herein, with additional 30-day waiting periods.

(d)    For purposes of these procedures: (i) a "**50-percent Shareholder**" is any person or entity that at any time during the three-year period ending on the Petition Date has had beneficial ownership of 50% or more of Chaparral common stock or is otherwise considered a 50-percent shareholder of Chaparral within the meaning of section 382(g)(4)(D) of the Tax Code;[6] (ii) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(e)    In the event that a 50-percent Shareholder takes a worthlessness deduction with respect to Chaparral common stock in violation of the procedures set forth herein, such worthlessness deduction shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a), and such 50-percent Shareholder shall be required to file an amended federal or

---

[6]    Beneficial ownership of 50% or more of Chaparral common stock currently is equivalent to owning 696,783 or more shares, based on 1,393,565 shares of Chaparral common stock outstanding as of March 31, 2016.

state income tax return, as applicable, revoking such worthlessness deduction.

14.     The Debtors request that the Court order that any purchase, sale, or other transfer of, or the taking of any worthlessness deduction with respect to, Chaparral equity interests in violation of these procedures be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

15.     The Debtors also request that the Court enter the Interim Order and the Final Order permitting the Debtors to waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Motion or in any order entered with respect hereto.

16.     To ensure parties in interest receive appropriate notice of the Equity Transfer Procedures and the Worthless Stock Deduction Procedures, the Debtors request that the Court approve of their proposal to send a notice, in substantially the form attached hereto as Exhibit H (the "**Notice of Order**"), to the Initial Notice Parties (as defined in this Motion).

17.     The foregoing notice procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the relevant counterparties with a notice and an opportunity to object and attend a hearing.  See In re Colo. Mountain Cellars, Inc., 226 B.R. 244, 246 (D. Colo. 1998) (noting that hearing is not required to satisfy Bankruptcy Rule 9014).  Further, the proposed notice procedures protect the due process rights of the parties in interest without unnecessarily exposing the Debtors' estates to unnecessary administrative expenses.

**BASIS FOR RELIEF**

**A.  The Significance of the Debtors' Tax Attributes**

18.     The Debtors have incurred, and are currently incurring, significant NOLs for federal and state income tax purposes.  As of December 31, 2015, the Debtors have reported

consolidated federal and state NOLs of approximately $441,000,000 and $530,000,000, respectively.  The Debtors' NOLs could translate into significant potential future tax savings for the Debtors.

19.     Section 172(b) of the Tax Code permits a corporation to carry forward NOLs to offset future taxable income, thereby potentially resulting in both a significant reduction in U.S. federal income tax liability and an improvement in such corporation's cash position.  The Debtors' NOLs are valuable assets of their estates that, if available, could help facilitate the Debtors' successful reorganization and serve to improve creditor recoveries.  The Debtors' ability to use their pre-change-of-ownership Tax Attributes, however, could be severely limited under Section 382 as a result of the transfer of, or any worthlessness deduction with respect to, Chaparral equity interests prior to the consummation of a chapter 11 plan of reorganization.

## B.  The Provisions of Section 382

20.     As described above, Section 382 imposes an annual limitation on the amount of taxable income a corporation can offset using its Tax Attributes if the corporation undergoes an ownership change.  If an ownership change were to, for example, occur during the course of the Chapter 11 Cases, Section 382 would impose an annual limitation on the amount of taxable income that the Debtors could offset by pre-change-of-ownership losses to an amount equal to the long-term tax exempt bond rate (as published monthly by the United States Treasury), as of the ownership change date, multiplied by the value of the stock of the corporation immediately before the ownership change.  This formulaic limitation under Section 382 can severely restrict the ability to use pre-change-of-ownership losses as the value of the stock of a distressed corporation may be quite low.  Moreover, once an equity transfer takes place, it cannot be undone, and once a Section 382 Limitation is triggered, the Debtors' use of

11

their pre-change-of-ownership Tax Attributes would be forever limited.  The relief sought herein

is necessary to avoid the potentially significant limitations on the Debtors' ability to fully utilize

their Tax Attributes to offset taxable income on a reorganized basis.  Otherwise, the unrestricted

transfer of, and the taking of any worthlessness deduction with respect to, Chaparral equity

interests would likely result in irreparable harm to the Debtors and the Debtors' estates.

### C.  Relief from the Provisions Section 382

21.     The limitations imposed by Section 382 are significantly more relaxed in

the context of an ownership change pursuant to a confirmed chapter 11 plan of reorganization.

First, the ownership change must occur pursuant to the consummation of the chapter 11 plan of

reorganization, and not during the course of the Chapter 11 Cases prior to such consummation, in

order for the Debtors to qualify for these Section 382 bankruptcy relief provisions—sections

382(l)(5) or (l)(6) of the Tax Code.  Under section 382(l)(5) of the Tax Code, a Section 382

Limitation will not result from an ownership change arising from the consummation of a chapter

11 plan of reorganization, provided that, under such plan, a debtor's pre-change-of-ownership

shareholders (*i.e.*, persons or entities who owned such debtor's stock immediately before such

ownership change) and/or certain qualified creditors emerge from the reorganization owning at

least 50% of such debtor's stock (measured by value and voting power) immediately after the

ownership change due to such shareholders and/or qualified creditors being shareholders and/or

qualified creditors immediately prior to the ownership change.  Section 382(l)(6) of the Tax

Code provides that if a corporation undergoes an ownership change pursuant to a chapter 11 plan

of reorganization and section 382(l)(5) of the Tax Code does not apply (either because the

corporation elects out of such provision or because such provision's requirements are not

satisfied), then the value of such corporation's equity for purposes of calculating the Section 382

12

Limitation shall reflect the increase (if any) in value of such corporation's stock resulting from any surrender or cancellation of creditors' claims in the chapter 11 plan of reorganization. Thus, assuming the value of the equity of the Debtors increases as a result of a reorganization, section 382(l)(6) of the Tax Code would provide for a higher annual limitation than would result under the general rules of Section 382 and could allow the Debtors to use a greater portion of their pre-change-of-ownership Tax Attributes to offset any post-change taxable income.

22.     Second, preventing an ownership change prior to the consummation of the plan of reorganization may also benefit the Debtors and Debtors' estates by allowing the Debtors a greater use of their Tax Attributes to offset any taxable income that arises as a result of, or prior to, the effective date of such plan. Thus, in all circumstances, it is in the best interests of the Debtors and the Debtors' estates to grant the requested relief so as to prevent an ownership change prior to consummation of a chapter 11 plan of reorganization.

### D.  The Requested Relief is Narrowly Tailored

23.     The requested relief does not *per se* bar all transfers of, or the taking of all worthlessness deductions with respect to, Chaparral equity interests. Rather, it merely implements notice and hearing procedures for such transfers and deductions. At this early juncture, the Debtors seek to establish procedures only to monitor those types of transfers and restrict those types of worthless stock deductions that would pose a serious risk of resulting in a Section 382 Limitation upon the Debtors' pre-change-of-ownership Tax Attributes, so as to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or deduction will jeopardize the Debtors' ability to fully utilize their Tax Attributes. The procedures requested by the Debtors in this Motion would likely permit most transfers to continue, subject to applicable law. The restrictions on taking worthlessness deductions with

13

respect to Chaparral common stock would apply only to 50-percent Shareholders and, even then, would not prohibit such deductions entirely but would merely require them to be postponed to taxable years ending after the Debtors emerge from chapter 11 protection.

### E.  The Requested Relief is Necessary to Avoid Irreparable Harm to the Debtors

24.    Once a Tax Attribute is limited under Section 382, its use is limited forever, and once an equity interest is transferred, that transfer cannot be undone.  The relief sought herein is necessary to avoid both the potentially significant limitations on the Debtors' ability to fully utilize their Tax Attributes to offset taxable income on a reorganized basis and the irreparable harm to the Debtors and the Debtors' estates which could be caused by the unrestricted transfer of, and the taking of worthlessness deductions with respect to, Chaparral equity interests.

25.    Absent granting the relief requested herein on an immediate basis, the Debtors and the Debtors' estates could be irreparably harmed by the mere filing of this Motion. If the Debtors filed this Motion in accordance with the usual notice procedures set forth in the Bankruptcy Rules, the Debtors believe that transfers involving Chaparral equity interests may immediately follow and that such transfers may impact the Debtors' ability to fully utilize their Tax Attributes.  Parties holding such equity interests might rush to transfer their interests before the restrictions on transfers are imposed by the Court.  Similarly, a 50-percent Shareholder could rush to take a worthlessness deduction with respect to Chaparral common stock on such shareholder's federal or state income tax returns for the 2015 tax year.  Such unrestricted transfers and the taking of such worthless stock deductions could put the Debtors' Tax Attributes at risk of being subject to a Section 382 Limitation, as described above, and would therefore be counterproductive to the Debtors' objectives in seeking this relief.  Accordingly, the Debtors

14

request that the procedures described herein be approved.

APPLICABLE AUTHORITY

### A. Tax Attributes are Property of the Debtors' Estates and are Entitled to Court Protection

26.     Courts have uniformly held that a debtor's NOLs constitute property of a debtor's estate under Bankruptcy Code section 541 and, as such, courts have authority to implement certain protective measures to preserve these Tax Attributes.  The seminal case articulating this rule is In re Prudential Lines, Inc., 107 B.R. 832 (Bankr. S.D.N.Y. 1989), aff'd, 119 B.R. 430 (S.D.N.Y. 1990), aff'd, 928 F.2d 565 (2d Cir. 1991), cert. denied 502 U.S. 821 (1991).  In Prudential Lines, the Bankruptcy Court for the Southern District of New York enjoined a parent corporation from taking a worthless stock deduction with respect to its wholly owned debtor subsidiary on the grounds that doing so would destroy its debtor-subsidiary's NOLs.  In issuing the injunction, the court held that a "debtor's potential ability to utilize [net operating losses] is property of [the] estate."  107 B.R. at 838.  In addition, "the taking of a worthless stock deduction is an exercise of control over a debtor's [net operating losses]," 107 B.R. at 842, and thus was properly subject to the automatic stay provisions of Bankruptcy Code section 362.  See In re Grossman's, Inc., Case No. 97-695 (PJW) (Bankr. D. Del. Oct. 9, 1997) (noting that the debtors' net operating loss carry-forwards are property of the debtors' estates protected by the automatic stay provisions of the Bankruptcy Code); In re White Metal Rolling & Stamping Corp., 222 B.R, 417, 424 (Bankr. S.D.N.Y, 1998) ("It is beyond peradventure that [net operating loss] carry-backs and carry[-forwards] are property of the estate of the loss corporation that generated them.").

27.     Similar to NOLs, other Tax Attributes constitute property of a debtor's estate under Bankruptcy Code section 541 and, as such, courts have authority to implement

15

certain protective measures to preserve them as well.  See, e.g., In re Quicksilver Res. Inc., Case

No. 15-10585 (LSS) (Bankr. D. Del. April 17, 2015); In re Delta Air Lines, Inc., Case No. 05-

17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005) (finding that tax credit carryforwards are

property of the debtors' estates and subsequently approving notification procedures and

restrictions on certain transfers of claims against and interests in the debtors to protect, among

other things, the tax credit carryforwards).

28.    Accordingly, because the Debtors' Tax Attributes are property of their

estates, the Court has the authority under Bankruptcy Code section 362 to enforce the automatic

stay by restricting the transfer of, and the taking of any worthlessness deduction with respect to,

Chaparral equity interests that could jeopardize the Debtors' ability to fully utilize these valuable

assets.

### B.  Precedent Cases Support the Granting of the Relief Requested

29.    Courts have routinely restricted transfers of equity interests and/or the

taking of worthless stock deductions, or otherwise issued injunctive relief to protect a debtor

against the possible loss of their Tax Attributes.  See, e.g., In re Samson Res. Corp., Case No.

15-11934 (CSS) (Bankr. D. Del. Oct. 14, 2015); In re Quicksilver Res. Inc., Case No. 15-10585

(LSS) (Bankr. D. Del. April 17, 2015); In re Sabine Oil & Gas Corp., Case No. 15-11835 (SCC)

(Bankr. S.D.N.Y. Aug. 10, 2015).

30.    The Debtors' Tax Attributes are valuable assets that could inure to the

benefit of the Debtors' estates and stakeholders and facilitate the Debtors' reorganization.

Unrestricted transfers of Chaparral equity interests with no advance warning of such transfers or

the unrestricted taking of worthlessness deductions with respect to Chaparral common stock

could jeopardize and impair the Debtors' ability to utilize these valuable assets.  The requested

16

relief imposes a minimal burden to achieve a substantial benefit for the Debtors, their estates, their creditors and other interested parties.  Accordingly, the Court should grant the requested relief and establish a notice and hearing procedure governing the transfers of Chaparral equity interests and the taking of worthlessness deductions with respect to Chaparral common stock.

### CONSENT TO JURISDICTION

31.    Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### NOTICE OF MOTION

32.    As this Motion is seeking "first day" relief, this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

33.    Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the administrative agent for the Debtors' prepetition secured financing; (c) the indenture trustee under the Debtors' 9.875% senior notes due 2020; (d) the indenture trustee under the Debtors' 8.25% senior notes due 2021; (e) the indenture trustee under the Debtors' 7.625% senior notes due 2022; (f) counsel to the ad hoc committee of the holders of the Debtors' prepetition unsecured notes; (g) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the United States Environmental Protection Agency; (l) the attorneys general for Oklahoma, Texas, and Kansas; and (m) all parties entitled to notice

pursuant to Local Rule 9013-1(m).  In addition, the Debtors will also serve notice of this Motion on (n) CCMP Capital Advisors, LLC, (o) Altoma Energy, (p) Fischer Investments, L.L.C., and (q) Healthcare of Ontario Pension Plan Trust Fund, each of whom directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of Chaparral as of the Petition Date (collectively, (a) through (q) above being the "**Initial Notice Parties**").  The Debtors submit that, under the circumstances, no other or further notice is required.

RLF1 14489602v.1

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders, substantially in the forms attached hereto as Exhibit A and Exhibit B, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: May 10, 2016
      Wilmington, Delaware

/s/ John H. Knight
John H. Knight (No. 3848)
Mark D. Collins (No. 2981)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King St.
Wilmington, Delaware 19801
Telephone:  302-651-7700
Facsimile:  302-651-7701
Email:       collins@rlf.com
              knight@rlf.com

- and -

Richard A. Levy
Keith A. Simon
David F. McElhoe
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone:    212-906-1200
Fax:          212-751-4864
Email:       richard.levy@lw.com
              keith.simon@lw.com
              david.mcelhoe@lw.com

*Proposed Counsel for Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
In re:                                                  :    Chapter 11
                                                        :
CHAPARRAL ENERGY, INC., et al.,                         :    Case No. 16-_____ (_____)
                                                        :
          Debtors. 1                                    :    Joint Administration Pending
                                                        :
------------------------------------------------------- x    Re: Docket No. ___
```

**INTERIM ORDER ESTABLISHING CERTAIN NOTICE AND
HEARING PROCEDURES FOR TRANSFERS OF,
OR WORTHLESSNESS DEDUCTIONS WITH RESPECT TO,
CERTAIN EQUITY INTERESTS OF CHAPARRAL ENERGY, INC.**

Upon the motion (the "**Motion**")[2] of the Debtors for an order establishing certain

notice and hearing procedures that must be satisfied before certain shareholders may make

transfers of, or worthlessness deductions with respect to, equity interests in Chaparral Energy,

Inc. ("**Chaparral**"); and the Court having reviewed the Motion and the First Day Declaration;

and the Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, the Debtors' estates, their creditors, and other parties in interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further notice

is necessary; and upon the record herein; and after due deliberation thereon; and good and

sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.        The Motion is GRANTED as set forth herein on an interim basis.

---

[1]         The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399).  The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2]         Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2.      The purchase, sale, or other transfer of, or the taking of any worthlessness deduction with respect to, Chaparral equity interests in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

3.      The following procedures and notices are approved and shall apply to transfers of Chaparral equity interests (the "**Equity Transfer Procedures**"):

(a)      Any person or entity (as defined in Treasury Regulations section 1.382-3(a)) who currently is or hereafter becomes a Substantial Shareholder (as such term is defined in paragraph (e) below) must file with the Court, and serve upon the Debtors and counsel for the Debtors, a notice of such status, in substantially the form attached to the Motion as Exhibit C, on or before the later of (i) twenty (20) calendar days after entry of this Interim Order or (ii) ten (10) days after becoming a Substantial Shareholder.

(b)      At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended transfer of equity interests, in substantially the form attached to the Motion as Exhibit D (each a "**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate**").

(c)      At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock) that would result in a decrease in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended transfer of equity interests, in substantially the form attached to the Motion as Exhibit E (each a "**Notice of Intent to Sell, Trade, or Otherwise Transfer**" and, collectively with each Notice of Intent to Purchase, Acquire, or Otherwise Accumulate, a "**Notice of Proposed Transfer**").

(d)      The Debtors shall have twenty (20) calendar days after receipt of a

2

Notice of Proposed Transfer to file with the Court and serve upon such Substantial Shareholder, person or entity an objection to any proposed transfer of equity interests described in the Notice of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transfer would not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 20-day period, such transfer shall be permitted to proceed solely as set forth in the Notice of Proposed Transfer.  Further transfers within the scope of this paragraph (d) shall be the subject of additional notices as set forth herein, with additional 20-day waiting periods.

(e)     For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that beneficially owns in excess of 66,195 shares (representing approximately 4.75% of all issued and outstanding shares) of Chaparral common stock, (ii) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(f)     Effective as of the Petition Date and until further order of the Court to the contrary, any purchase, sale, or other transfer of beneficial ownership of Chaparral common stock, including options to acquire Chaparral common stock, in violation of these procedures shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

4.     The following restrictions shall apply to taking worthlessness deductions, for federal or state income tax purposes, with respect to Chaparral common stock (the "**Worthless Stock Deduction Procedures**"):

(a)     Any person or entity that currently is or becomes a 50-percent
        Shareholder (as such term is defined in paragraph (d) below) must
        file with the Court, and serve upon the Debtors and counsel for the
        Debtors, a notice of such status, in substantially the form attached
        to the Motion as Exhibit F, on or before the later of (i) twenty (20)
        calendar days after entry of this Interim Order or (ii) ten (10) days
        after becoming a 50-percent Shareholder.

(b)     At least thirty (30) calendar days prior to filing any federal or state
        income tax return, or any amendment to such a return, taking any
        worthlessness deduction with respect to Chaparral common stock
        for a tax year ending before the Debtors' emergence from chapter
        11 protection, such 50-percent Shareholder must file with the
        Court, and serve upon the Debtors and counsel for the Debtors, an
        advance written notice of the intended worthlessness deduction, in
        substantially the form attached to the Motion as Exhibit G (each a
        "**Notice of Intent to Take a Worthless Stock Deduction**").

(c)     The Debtors shall have thirty (30) calendar days after receipt of a
        Notice of Intent to Take a Worthless Stock Deduction to file with
        the Court and serve upon such 50-percent Shareholder an objection
        to any proposed worthlessness deduction described in the Notice of
        Intent to Take a Worthless Stock Deduction on the grounds that
        such deduction might adversely affect the Debtors' ability to
        utilize their Tax Attributes.  If the Debtors file an objection, the
        filing of the income tax return with such deduction would not be
        permitted or effective unless approved by a final and non-
        appealable order of the Court.  If the Debtors do not object within
        such 30-day period, the filing of the income tax return with such
        deduction shall be permitted as set forth in the Notice of Intent to
        Take a Worthless Stock Deduction.  Additional income tax returns
        within the scope of this paragraph (c) shall be the subject of
        additional notices as set forth herein, with additional 30-day
        waiting periods.

(d)     For purposes of these procedures: (i) a "**50-percent Shareholder**"
        is any person or entity that at any time during the three-year period
        ending on the Petition Date has had beneficial ownership of 50%
        or more of Chaparral common stock or is otherwise considered a
        50-percent shareholder of Chaparral within the meaning of section
        382(g)(4)(D) of the Internal Revenue Code of 1986, as amended;
        (ii) "**beneficial ownership**" of equity interests means beneficial
        ownership for U.S. federal income tax purposes as determined in
        accordance with applicable rules under section 382 of the Internal
        Revenue Code of 1986, as amended, Treasury Regulations
        promulgated thereunder and rulings issued by the Internal Revenue
        Service, and thus, to the extent provided therein, from time to time

4

shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(e)    In the event that a 50-percent Shareholder takes a worthlessness deduction with respect to Chaparral common stock in violation of these procedures, such worthlessness deduction shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a), and such 50-percent Shareholder shall be required to file an amended federal or state income tax return, as applicable, revoking such worthlessness deduction.

5.    The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Interim Order.

6.    The Debtors shall serve a notice in substantially the form attached to the Motion as Exhibit H (the "**Notice of Order**") to: (a) the Office of the United States Trustee for the District of Delaware; (b) the administrative agent for the Debtors' prepetition secured financing; (c) the indenture trustee under the Debtors' 9.875% senior notes due 2020; (d) the indenture trustee under the Debtors' 8.25% senior notes due 2021; (e) the indenture trustee under the Debtors' 7.625% senior notes due 2022; (f) counsel to the ad hoc committee of the holders of the Debtors' prepetition unsecured notes; (g) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the United States Environmental Protection Agency; (l) the attorneys

5

general for Oklahoma, Texas, and Kansas; and (m) all parties entitled to notice pursuant to Local Rule 9013-1(m).  In addition, the Debtors shall also serve notice of the Motion on (n) CCMP Capital Advisors, LLC, (o) Altoma Energy, (p) Fischer Investments, L.L.C., and (q) Healthcare of Ontario Pension Plan Trust Fund, each of whom directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of Chaparral as of the Petition Date.  No further notice of entry of this Interim Order need be served by the Debtor.

7.    The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rules 3001 and 3002 and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.

8.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9.    This Interim Order and the Equity Transfer Procedures and the Worthless Stock Deduction Procedures approved herein shall remain in full force and effect until such time as the Court enters a final order with respect to the Motion.

10.    Objections, if any, to approval of the Motion on a final basis must be in writing and timely filed in accordance with the requirements set forth in the Notice of Order and served upon the Debtors and counsel to the Debtors.

11.    The Court shall hold a final hearing on the relief requested in the Motion at _:__ _.m. prevailing Eastern Time on _____, 2016.

12.    Entry of this Interim Order is without prejudice to the right to any party to seek to shorten any of the time periods for filing and serving any notices or objections required hereunder.

13.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

Dated: _____, 2016
          Wilmington, Delaware

_____
THE HONORABLE _____
UNITED STATES BANKRUPTCY JUDGE

7

**EXHIBIT B**

Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
---------------------------------------------------------- x
In re:                                    :    Chapter 11
                                          :
CHAPARRAL ENERGY, INC., et al.,           :    Case No. 16-_____ (_____)
                                          :
        Debtors. ¹                        :    Joint Administration Pending
                                          :
---------------------------------------------------------- x   Re: Docket No. ___
```

**FINAL ORDER ESTABLISHING CERTAIN NOTICE AND
HEARING PROCEDURES FOR TRANSFERS OF,
OR WORTHLESSNESS DEDUCTIONS WITH RESPECT TO,
CERTAIN EQUITY INTERESTS OF CHAPARRAL ENERGY, INC.**

Upon the motion (the "**Motion**")[2] of the Debtors for an order establishing certain notice and hearing procedures that must be satisfied before certain shareholders may make transfers of, or worthlessness deductions with respect to, equity interests in Chaparral Energy, Inc. ("**Chaparral**"); and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein on a final basis.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399).  The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2.     The purchase, sale, or other transfer of, or the taking of any worthlessness deduction with respect to, Chaparral equity interests in violation of the procedures set forth in the Court's *Interim Order Establishing Certain Notice and Hearing Procedures for Transfers of, or Worthlessness Deductions with Respect to, Certain Equity Interests of Chaparral Energy, Inc.*, entered on _____, 2016 (the "**Interim Order**") shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

3.     The restrictions and procedures set forth in the Interim Order remain and shall remain in full force and effect.

4.     The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Final Order, including those set forth in the Interim Order.

5.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rules 3001 and 3002 and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.

6.     The terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

7.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: _____, 2016
Wilmington, Delaware


_____
THE HONORABLE _____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT C**

Notice of Status as a Substantial Shareholder

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                          :    Chapter 11
                                                :
CHAPARRAL ENERGY, INC., et al.,                 :    Case No. 16-_____ (_____)
                                                :
        Debtors.[1]                             :    Joint Administration Pending
                                                :
------------------------------------------------------------ x

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER

        PLEASE TAKE NOTICE that [Name of Substantial Shareholder] [is/has become] a Substantial Shareholder[2] with respect to the common stock (the "**Common Stock**") of Chaparral Energy, Inc. ("**Chaparral**"), a debtor and debtor in possession in Case No. 16-_____ (_____) pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

        PLEASE TAKE FURTHER NOTICE that, as of [Date], [Name of Substantial Shareholder] beneficially owns [__] shares of Common Stock of Chaparral. The following table sets forth the date(s) on which [Name of Substantial Shareholder] acquired or otherwise became the beneficial owner of such Common Stock:

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2]      For purposes of these procedures: (a) a "**Substantial Shareholder**" is any person or entity that beneficially owns in excess of 66,195 shares (representing approximately 4.75% of all issued and outstanding shares) of Common Stock of Chaparral, (b) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) ownership of shares which such holder has an option to acquire, and (c) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of [Name of Substantial Shareholder] is [_____].

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, [Name of Substantial Shareholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice, are true, correct, and complete in all respects.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Establishing Certain Notice and Hearing Procedures for Transfers of, or Worthlessness Deductions With Respect to, Certain Equity Interests of Chaparral Energy, Inc.*, this Notice is being (a) filed with the Bankruptcy Court, 824 Market Street, Wilmington, Delaware, 19801 and (b) served upon (i) the Debtors, Chaparral Energy, Inc., 701 Cedar Lake Blvd., Oklahoma City, Oklahoma 73114, Attn.: Linda Byford, and (ii) counsel for the Debtors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn.: David F. McElhoe, Esq.

[Name of Substantial Shareholder]

By: _____

Name: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

# **EXHIBIT D**

Notice of Intent to Purchase, Acquire, or Otherwise Accumulate

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                       :    Chapter 11
                                             :
CHAPARRAL ENERGY, INC., et al.,              :    Case No. 16-_____ (_____)
                                             :
            Debtors.1                        :    Joint Administration Pending
                                             :
------------------------------------------------------------- x
```

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE ACCUMULATE

       **PLEASE TAKE NOTICE** that [Name of Prospective Acquirer] hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of the common stock (the "**Common Stock**") or an option with respect thereto (the "**Proposed Transfer**") of Chaparral Energy, Inc. ("**Chaparral**"), a debtor and debtor in possession in Case No. 16-_____ (_____) pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

       **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], [Name of Prospective Acquirer] filed a Notice of Status as a Substantial Shareholder[2] with the Bankruptcy Court and served copies thereof on the Debtors and counsel for the Debtors.

       **PLEASE TAKE FURTHER NOTICE** that [Name of Prospective Acquirer] currently beneficially owns [__] shares of the Common Stock of Chaparral.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399).  The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2]     For purposes of these procedures: (a) a "**Substantial Shareholder**" is any person or entity that beneficially owns in excess of 66,195 shares (representing approximately 4.75% of all issued and outstanding shares) of the Common Stock of Chaparral, (b) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) ownership of shares which such holder has an option to acquire, and (c) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, [Name of Prospective Acquirer] proposes to purchase, acquire, or otherwise accumulate [__] shares of the Common Stock of Chaparral or an option with respect to [__] shares of the Common Stock of Chaparral.  If the Proposed Transfer is permitted to occur, [Name of Prospective Acquirer] will beneficially own [__] shares of the Common Stock of Chaparral after the transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Prospective Acquirer] is [_____].

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Acquirer] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Establishing Certain Notice and Hearing Procedures for Transfers of, or Worthlessness Deductions With Respect to, Certain Equity Interests of Chaparral Energy, Inc.*, this Notice is being (a) filed with the Bankruptcy Court, 824 Market Street, Wilmington, Delaware, 19801 and (b) served upon (i) the Debtors, Chaparral Energy, Inc., 701 Cedar Lake Blvd., Oklahoma City, Oklahoma 73114, Attn.: Linda Byford, and (ii) counsel for the Debtors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn.: David F. McElhoe, Esq**.**

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty (20) days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by [Name of Prospective Acquirer] that may result in [Name of Prospective Acquirer] purchasing, acquiring or otherwise accumulating additional shares of the Common Stock of Chaparral (or an option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

[Name of Prospective Acquirer]

By: _____

Name: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

3

# **EXHIBIT E**

Notice of Intent to Sell, Trade, or Otherwise Transfer

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                          :    Chapter 11
                                                :
CHAPARRAL ENERGY, INC., et al.,                 :    Case No. 16-_____ (_____)
                                                :
                  Debtors.[1]                   :    Joint Administration Pending
                                                :
------------------------------------------------------------ x
```

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER

       **PLEASE TAKE NOTICE** that [Name of Prospective Seller] hereby provides notice of its intention to sell, trade, or otherwise transfer shares of the common stock (the "**Common Stock**") or an option with respect thereto (the "**Proposed Transfer**") of Chaparral Energy, Inc. ("**Chaparral**"), a debtor and debtor in possession in Case No. 16-_____ (_____) pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

       **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], [Name of Prospective Seller] filed a Notice of Status as a Substantial Shareholder[2] with the Bankruptcy Court and served copies thereof on the Debtors and counsel for the Debtors.

       **PLEASE TAKE FURTHER NOTICE** that [Name of Prospective Seller] currently beneficially owns [___] shares of the Common Stock of Chaparral.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2]     For purposes of these procedures: (a) a "**Substantial Shareholder**" is any person or entity that beneficially owns in excess of 66,195 shares (representing approximately 4.75% of all issued and outstanding shares) of the Common Stock of Chaparral, (b) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) ownership of shares which such holder has an option to acquire, and (c) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, [Name of Prospective Seller] proposes to sell, trade, or otherwise transfer [__] shares of the Common Stock of Chaparral or an option with respect to [__] shares of the Common Stock of Chaparral.  If the Proposed Transfer is permitted to occur, [Name of Prospective Seller] will beneficially own [__] shares of the Common Stock of Chaparral after the transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Prospective Seller] is [_____].

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Seller] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Establishing Certain Notice and Hearing Procedures for Transfers of, or Worthlessness Deductions With Respect to, Certain Equity Interests of Chaparral Energy, Inc.*, this Notice is being (a) filed with the Bankruptcy Court, 824 Market Street, Wilmington, Delaware, 19801 and (b) served upon (i) the Debtors, Chaparral Energy, Inc. 701 Cedar Lake Blvd., Oklahoma City, Oklahoma 73114, Attn.: Linda Byford, and (ii) counsel for the Debtors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn.: David F. McElhoe, Esq.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty (20) days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by [Name of Prospective Seller] that may result in [Name of Prospective Seller] selling, trading, or otherwise transferring shares of the Common Stock of Chaparral (or an option with respect thereto) will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Notice.

[Name of Prospective Seller]

By: _____

Name: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

3

## **EXHIBIT F**

Notice of Status as a 50-percent Shareholder

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
```
In re:                                                      :    Chapter 11
                                                            :
CHAPARRAL ENERGY, INC., et al.,                             :    Case No. 16-_____ (_____)
                                                            :
                          Debtors.[1]                       :    Joint Administration Pending
                                                            :
```
------------------------------------------------------------ x
```

**NOTICE OF STATUS AS A 50-PERCENT SHAREHOLDER**

   **PLEASE TAKE NOTICE** that [Name of 50-percent Shareholder] [is/has become] a 50-percent Shareholder[2] with respect to the common stock (the "**Common Stock**") of Chaparral Energy, Inc.  ("**Chaparral**"), a debtor and debtor in possession in Case No. 16-_____ (_____) pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

   **PLEASE TAKE FURTHER NOTICE** that, as of [Date], [Name of 50-percent Shareholder] beneficially owns [__] shares of the Common Stock of Chaparral.  The following table sets forth the date(s) on which [Name of 50-percent Shareholder] acquired or otherwise became the beneficial owner of such Common Stock:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399).  The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2] For purposes of these procedures: (a) a "**50-percent Shareholder**" is any person or entity that at any time during the three-year period ending on the petition date has had beneficial ownership of 50% or more of the Common Stock of Chaparral or is otherwise considered a 50-percent shareholder of Chaparral within the meaning of section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended; (b) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) ownership of shares which such holder has an option to acquire, and (c) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of 50-percent Shareholder] is [_____].

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of 50-percent Shareholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct, and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Establishing Certain Notice and Hearing Procedures for Transfers of, or Worthlessness Deductions With Respect to, Certain Equity Interests of Chaparral Energy, Inc.*, this Notice is being (a) filed with the Bankruptcy Court, 824 Market Street, Wilmington, Delaware, 19801 and (b) served upon (i) the Debtors, Chaparral Energy, Inc., 701 Cedar Lake Blvd., Oklahoma City, Oklahoma 73114, Attn.: Linda Byford, and (ii) counsel for the Debtors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn.: David F. McElhoe, Esq.

[Name of 50-percent Shareholder]

By: _____

Name: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

# **EXHIBIT G**

Notice of Intent to Take a Worthless Stock Deduction

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                    :    Chapter 11
                                                          :
CHAPARRAL ENERGY, INC., et al.,                           :    Case No. 16-_____ (_____)
                                                          :
        Debtors.[1]                                 :    Joint Administration Pending
                                                          :
------------------------------------------------------------ x

## NOTICE OF INTENT TO TAKE A WORTHLESS STOCK DEDUCTION

        **PLEASE TAKE NOTICE** that [Name of Prospective Claimant] hereby provides notice of its intention to take a worthlessness deduction (the "**Proposed Worthless Claim**") with respect to shares of the common stock (the "**Common Stock**") of Chaparral Energy, Inc. ("**Chaparral**"), a debtor and debtor in possession in Case No. 16-_____ (_____) pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

        **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [Prior Date(s)], [Name of Prospective Claimant] filed a Notice of Status as a 50-percent Shareholder[2] with the Bankruptcy Court and served copies thereof on the Debtors and counsel for the Debtors.

        **PLEASE TAKE FURTHER NOTICE** that [Name of Prospective Claimant] currently beneficially owns [__] shares of the Common Stock of Chaparral.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399).  The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2] For purposes of these procedures: (a) a "**50-percent Shareholder**" is any person or entity that at any time during the three-year period ending on the petition date has had beneficial ownership of 50% or more of the Common Stock of Chaparral or is otherwise considered a 50-percent shareholder of Chaparral within the meaning of section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended; (b) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) ownership of shares which such holder has an option to acquire, and (c) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthless Claim, [Name of Prospective Claimant] proposes to declare for [U.S. federal/state] income tax purposes that [__] shares of the Common Stock of Chaparral became worthless during the tax year ending [_____].

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of [Name of Prospective Claimant] is [_____].

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, [Name of Prospective Claimant] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Establishing Certain Notice and Hearing Procedures for Transfers of, or Worthlessness Deductions With Respect to, Certain Equity Interests of Chaparral Energy, Inc.* (the "**Order**"), this Notice is being (a) filed with the Bankruptcy Court, 824 Market Street, Wilmington, Delaware, 19801 and (b) served upon (i) the Debtors, Chaparral Energy, Inc. 701 Cedar Lake Blvd., Oklahoma City, Oklahoma 73114, Attn.: Linda Byford, and (ii) counsel for the Debtors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn.: David F. McElhoe, Esq**.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, [Name of Prospective Claimant] acknowledges that it is enjoined from filing an income tax return with respect to the Proposed Worthless Claim unless and until [Name of Prospective Claimant] complies with the procedures set forth in the Order, but the undersigned 50-percent Shareholder otherwise reserves all rights regarding the Order or the motion granted prior thereto.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have thirty (30) days after receipt of this Notice to object to the Proposed Worthless Claim described herein.  If the Debtors file an objection, such Proposed Worthless Claim will not be permitted or effective unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Worthless Claim may proceed solely as set forth in this Notice.

**PLEASE   TAKE   FURTHER   NOTICE** that any further transactions contemplated by [Name of Prospective Claimant] that may result in [Name of Prospective Claimant] filing an income tax return with respect to a Proposed Worthless Claim will each require an additional notice filed with the Court to be served in the same manner as this Notice.

[Name of Prospective Claimant]

By: _____

Name: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

# **EXHIBIT H**

Notice of Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re:                                       :    Chapter 11
                                             :
CHAPARRAL ENERGY, INC., et al.,              :    Case No. 16-_____ (_____)
                                             :
                Debtors.¹                     :    Joint Administration Pending
                                             :
-------------------------------------------------------- x
```

**NOTICE OF (I) NOTIFICATION PROCEDURES APPLICABLE TO SUBSTANTIAL
SHAREHOLDERS AND 50-PERCENT SHAREHOLDERS OF CHAPARRAL
COMMON STOCK, (II) NOTIFICATION AND HEARING PROCEDURES FOR
TRANSFERRING CHAPARRAL EQUITY INTERESTS, (III) NOTIFICATION AND
HEARING PROCEDURES FOR TAKING A WORTHLESSNESS DEDUCTION WITH
RESPECT TO CHAPARRAL COMMON STOCK, AND
(IV) ALLOWING A HEARING ON THE PROSPECTIVE APPLICATION THEREOF**

**TO:    ALL PERSONS OR ENTITIES WITH CERTAIN EQUITY INTERESTS IN
        CHAPARRAL ENERGY, INC.**

        **PLEASE TAKE NOTICE** that on May 9, 2016 (the "**Petition Date**"), Chaparral Energy, Inc. ("**Chaparral**") and its above-captioned affiliates (collectively, the "**Debtors**"), commenced chapter 11 cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**"). Subject to certain exceptions, Bankruptcy Code section 362 operates as a stay of any act to obtain possession of property of the Debtors' estates or to exercise control over property of the Debtors' estates.

        **PLEASE TAKE FURTHER NOTICE** that on May 10, 2016, the Debtors filed a motion seeking entry of an order pursuant to Bankruptcy Code sections 105(a), 362(a)(3), and 541 establishing certain notice and hearing procedures that must be satisfied before certain shareholders may make transfers of, or worthlessness deductions with respect to, Chaparral equity interests (the "**Motion**").

---

¹       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (0941); Chaparral Energy, L.L.C. (0941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2016, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an interim order approving the procedures set forth in the Motion and below order to preserve the Debtors' ability to fully utilize their Tax Attributes (as defined in the Motion) pursuant to Bankruptcy Code sections 105(a), 362(a)(3), and 541 (the "**Interim Order**"). Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Interim Order, unless otherwise stated. Any purchase, sale, or other transfer of, or the taking of any worthlessness deduction with respect to, Chaparral equity interests in violation of the procedures set forth below shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the following procedures shall apply to owning and transferring Chaparral equity interests (the "**Equity Transfer Procedures**"):[2]

(a)     Any person or entity (as defined in Treasury Regulations section 1.382-3(a)) who currently is or hereafter becomes a Substantial Shareholder (as such term is defined in paragraph (e) below) must file with the Bankruptcy Court, and serve upon the Debtors and counsel for the Debtors, a notice of such status (each a "**Notice of Status as Substantial Shareholder**") on or before the later of (i) twenty (20) calendar days after entry of the Interim Order or (ii) ten (10) days after becoming a Substantial Shareholder.

(b)     At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Bankruptcy Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended transfer of equity interests (each a "**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate**").

(c)     At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock) that would result in a decrease in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Bankruptcy Court, and serve upon the Debtors and counsel for the

---

[2]     This summary is qualified in its entirety by reference to the provisions of the Interim Order. To the extent any inconsistency exists between this Notice and the Interim Order, the terms of the Interim Order shall govern and control.

Debtors, an advance written notice of the intended transfer of equity interests (each a "**Notice of Intent to Sell, Trade, or Otherwise Transfer**" and, collectively with each Notice of Intent to Purchase, Acquire, or Otherwise Accumulate, a "**Notice of Proposed Transfer**").

(d)     The Debtors shall have twenty (20) calendar days after receipt of a Notice of Proposed Transfer to file with the Bankruptcy Court and serve upon such Substantial Shareholder, person or entity an objection to any proposed transfer of equity interests described in the Notice of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transfer would not be effective unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such 20-day period, such transfer shall be permitted to proceed solely as set forth in the Notice of Proposed Transfer.  Further transfers within the scope of this paragraph (d) shall be the subject of additional notices as set forth herein, with additional 20-day waiting periods.

(e)     For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that beneficially owns in excess of 66,195 shares (representing approximately 4.75% of all issued and outstanding shares) of Chaparral common stock, (ii) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(f)     Effective as of the Petition Date and until further order of the Court to the contrary, any purchase, sale, or other transfer of beneficial ownership of Chaparral common stock, including options to acquire Chaparral common stock, in violation of these procedures shall be null and void *ab initio* as an act in violation of the

automatic stay under Bankruptcy Code sections 362 and 105(a).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the following procedures shall apply to taking worthlessness deductions, for federal or state income tax purposes, with respect to Chaparral common stock (the "**Worthless Stock Deduction Procedures**"):[3]

(a)   Any person or entity that currently is or becomes a 50-percent Shareholder (as such term is defined in paragraph (d) below) must file with the Bankruptcy Court, and serve upon the Debtors and counsel for the Debtors, a notice of such status (each a "**Notice of Status as a 50-percent Shareholder**") on or before the later of (i) twenty (20) calendar days after entry of the Interim Order or (ii) ten (10) days after becoming a 50-percent Shareholder.

(b)   At least thirty (30) calendar days prior to filing any federal or state income tax return, or any amendment to such a return, taking any worthlessness deduction with respect to Chaparral common stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-percent Shareholder must file with the Bankruptcy Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended worthlessness deduction (each a "**Notice of Intent to Take a Worthless Stock Deduction**").

(c)   The Debtors shall have thirty (30) calendar days after receipt of a Notice of Intent to Take a Worthless Stock Deduction to file with the Bankruptcy Court and serve upon such 50-percent Shareholder an objection to any proposed worthlessness deduction described in the Notice of Intent to Take a Worthless Stock Deduction on the grounds that such deduction might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, the filing of the income tax return with such deduction would not be permitted or effective unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not object within such 30-day period, the filing of the income tax return with such deduction shall be permitted as set forth in the Notice of Intent to Take a Worthless Stock Deduction.  Additional income tax returns within the scope of this paragraph (c) shall be the subject of additional notices as set forth herein, with additional 30-day waiting periods.

(d)   For purposes of these procedures: (i) a "**50-percent Shareholder**"

---

[3]   This summary is qualified in its entirety by reference to the provisions of the Interim Order.  To the extent any inconsistency exists between this Notice and the Interim Order, the terms of the Interim Order shall govern and control.

is any person or entity that at any time during the three-year period ending on the Petition Date has had beneficial ownership of 50% or more of Chaparral common stock or is otherwise considered a 50-percent shareholder of Chaparral within the meaning of section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended; (ii) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(e)     In the event that a 50-percent Shareholder takes a worthlessness deduction with respect to Chaparral common stock in violation of these procedures, such worthlessness deduction shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a), and such 50-percent Shareholder shall be required to file an amended federal or state income tax return, as applicable, revoking such worthlessness deduction.

**PLEASE TAKE FURTHER NOTICE** that, upon written request, the Debtors' notice and claims agent, Kurtzman Carson Consultants, LLC ("**KCC**"), will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE** that KCC can be contacted online at www.kccllc.net/chaparralenergy, or by calling 1-888-830-4659 (for domestic callers) or 1-310-751-2644 (for international callers).

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE OF ORDER OR THE INTERIM ORDER SHALL CONSTITUTE A VIOLATION    OF THE AUTOMATIC STAY PROVISIONS OF BANKRUPTCY CODE SECTION 362.**

**ANY PROHIBITED PURCHASE, SALE, TRADE, OR OTHER TRANSFER OF, OR THE TAKING OF ANY WORTHLESSNESS DEDUCTION WITH RESPECT TO, CHAPARRAL EQUITY INTERESTS IN VIOLATION OF THE INTERIM ORDER BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in this Notice of Order are in addition to the requirements of Bankruptcy Rules 3001 and 3002 and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.

**PLEASE TAKE FURTHER NOTICE** that if no written objections to the Motion are timely filed, served and received in accordance with the requirements set forth below, a final order will be submitted which will provide that the Motion shall be granted in its entirety on a final basis. If timely written objections are filed, served and received, a hearing (the "**Hearing**") to consider approval of the Motion on a final basis will be held at _:__ _.m. prevailing Eastern Time on _____, 2016 before Judge _____.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to final approval of the Motion must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware, (c) be filed on or before 5:00 p.m. prevailing Eastern Time on _____, 2016 (the "**Objection Deadline**") with the Clerk for the United States Bankruptcy Court for the District of Delaware, and (d) be served on the following parties so as to be **ACTUALLY RECEIVED** on or before the Objection Deadline: (x) the Debtors, Chaparral Energy, Inc. 701 Cedar Lake Blvd., Oklahoma City, Oklahoma 73114, Attn: Linda Byford, and (y) counsel for the Debtors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: David F. McElhoe, Esq.

**PLEASE TAKE FURTHER NOTICE** that only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court at the Hearing, and that if no objections to the Motion are timely filed and served in accordance with the procedures set forth herein, then the Bankruptcy Court may enter a final order granting the Motion **<u>without further notice</u>**.

Dated: _____, 2016

Chaparral Energy, Inc.
701 Cedar Lake Blvd.,
Oklahoma City, Oklahoma 73114

LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Attn:   Richard A. Levy
        Keith A. Simon
        David F. McElhoe

RLF1 14489602v.1