**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :  Chapter 11
                                                                 :
CHAPARRAL ENERGY, INC., et al.,                                  :  Case No. 16-11144 (LSS)
                                                                 :
        Debtors.[1]                                              :  Joint Administration Pending
                                                                 :
                                                                 :  **Re: Docket No. 11**
---------------------------------------------------------------- x

### INTERIM ORDER ESTABLISHING CERTAIN NOTICE AND HEARING PROCEDURES FOR TRANSFERS OF, OR WORTHLESSNESS DEDUCTIONS WITH RESPECT TO, CERTAIN EQUITY INTERESTS OF CHAPARRAL ENERGY, INC.

Upon the motion (the "**Motion**")[2] of the Debtors for an order establishing certain notice and hearing procedures that must be satisfied before certain shareholders may make transfers of, or worthlessness deductions with respect to, equity interests in Chaparral Energy, Inc. ("**Chaparral**"); and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

---

[1] The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Green Country Supply, Inc. (2723); and Roadrunner Drilling, L.L.C. (2399). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein on an interim basis.

2.  The purchase, sale, or other transfer of, or the taking of any worthlessness deduction with respect to, Chaparral equity interests in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

3.  The following procedures and notices are approved and shall apply to transfers of Chaparral equity interests (the "**Equity Transfer Procedures**"):

    (a)  Any person or entity (as defined in Treasury Regulations section 1.382-3(a)) who currently is or hereafter becomes a Substantial Shareholder (as such term is defined in paragraph (e) below) must file with the Court, and serve upon the Debtors and counsel for the Debtors, a notice of such status, in substantially the form attached to the Motion as Exhibit C, on or before the later of (i) twenty (20) calendar days after entry of this Interim Order or (ii) ten (10) days after becoming a Substantial Shareholder.

    (b)  At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock, as defined in paragraph (e) below) that would result in an increase in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended transfer of equity interests, in substantially the form attached to the Motion as Exhibit D (each a "**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate**").

    (c)  At least thirty (30) calendar days prior to effectuating any transfer of equity interests (including options to acquire stock) that would result in a decrease in the amount of Chaparral common stock beneficially owned by a Substantial Shareholder, or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder, person or entity must file with the Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended transfer of equity interests, in substantially the form attached to the Motion as Exhibit E (each a "**Notice of Intent to Sell, Trade, or Otherwise Transfer**" and,

collectively with each Notice of Intent to Purchase, Acquire, or Otherwise Accumulate, a "**Notice of Proposed Transfer**").

(d) The Debtors shall have twenty (20) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve upon such Substantial Shareholder, person or entity an objection to any proposed transfer of equity interests described in the Notice of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transfer would not be effective unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 20-day period, such transfer shall be permitted to proceed solely as set forth in the Notice of Proposed Transfer. Further transfers within the scope of this paragraph (d) shall be the subject of additional notices as set forth herein, with additional 20-day waiting periods.

(e) For purposes of these procedures: (i) a "**Substantial Shareholder**" is any person or entity that beneficially owns in excess of 66,195 shares (representing approximately 4.75% of all issued and outstanding shares) of Chaparral common stock, (ii) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(f) Effective as of the Petition Date and until further order of the Court to the contrary, any purchase, sale, or other transfer of beneficial ownership of Chaparral common stock, including options to acquire Chaparral common stock, in violation of these procedures shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a).

4. The following restrictions shall apply to taking worthlessness deductions, for federal or state income tax purposes, with respect to Chaparral common stock (the "**Worthless Stock Deduction Procedures**"):

    (a) Any person or entity that currently is or becomes a 50-percent Shareholder (as such term is defined in paragraph (d) below) must file with the Court, and serve upon the Debtors and counsel for the Debtors, a notice of such status, in substantially the form attached to the Motion as <u>Exhibit F</u>, on or before the later of (i) twenty (20) calendar days after entry of this Interim Order or (ii) ten (10) days after becoming a 50-percent Shareholder.

    (b) At least thirty (30) calendar days prior to filing any federal or state income tax return, or any amendment to such a return, taking any worthlessness deduction with respect to Chaparral common stock for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-percent Shareholder must file with the Court, and serve upon the Debtors and counsel for the Debtors, an advance written notice of the intended worthlessness deduction, in substantially the form attached to the Motion as <u>Exhibit G</u> (each a "**Notice of Intent to Take a Worthless Stock Deduction**").

    (c) The Debtors shall have thirty (30) calendar days after receipt of a Notice of Intent to Take a Worthless Stock Deduction to file with the Court and serve upon such 50-percent Shareholder an objection to any proposed worthlessness deduction described in the Notice of Intent to Take a Worthless Stock Deduction on the grounds that such deduction might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, the filing of the income tax return with such deduction would not be permitted or effective unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 30-day period, the filing of the income tax return with such deduction shall be permitted as set forth in the Notice of Intent to Take a Worthless Stock Deduction. Additional income tax returns within the scope of this paragraph (c) shall be the subject of additional notices as set forth herein, with additional 30-day waiting periods.

    (d) For purposes of these procedures: (i) a "**50-percent Shareholder**" is any person or entity that at any time during the three-year period ending on the Petition Date has had beneficial ownership of 50% or more of Chaparral common stock or is otherwise considered a 50-percent shareholder of Chaparral within the meaning of section 382(g)(4)(D) of the Internal Revenue Code of 1986, as amended;

      (ii) "**beneficial ownership**" of equity interests means beneficial ownership for U.S. federal income tax purposes as determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (A) direct and indirect, actual and constructive, beneficial ownership (for example, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (B) ownership by such holder's family members and other related persons and persons acting in concert with such holder to make a coordinated acquisition of stock, and (C) ownership of shares which such holder has an option to acquire, and (iii) an "**option**" to acquire stock includes any option, contingent purchase, warrant, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

  (e)  In the event that a 50-percent Shareholder takes a worthlessness deduction with respect to Chaparral common stock in violation of these procedures, such worthlessness deduction shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code sections 362 and 105(a), and such 50-percent Shareholder shall be required to file an amended federal or state income tax return, as applicable, revoking such worthlessness deduction.

  5.  The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Interim Order.

  6.  The Debtors shall serve a notice in substantially the form attached to the Motion as <u>Exhibit H</u> (the "**Notice of Order**") to: (a) the Office of the United States Trustee for the District of Delaware; (b) the administrative agent for the Debtors' prepetition secured financing; (c) the indenture trustee under the Debtors' 9.875% senior notes due 2020; (d) the indenture trustee under the Debtors' 8.25% senior notes due 2021; (e) the indenture trustee under the Debtors' 7.625% senior notes due 2022; (f) counsel to the ad hoc committee of the holders of the Debtors' prepetition unsecured notes; (g) the parties included on the Debtors' consolidated

RLF1 14502657v.1

list of thirty (30) largest unsecured creditors; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the United States Environmental Protection Agency; (l) the attorneys general for Oklahoma, Texas, and Kansas; and (m) all parties entitled to notice pursuant to Local Rule 9013-1(m). In addition, the Debtors shall also serve notice of the Motion on (n) CCMP Capital Advisors, LLC, (o) Altoma Energy, (p) Fischer Investments, L.L.C., and (q) Healthcare of Ontario Pension Plan Trust Fund, each of whom directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of Chaparral as of the Petition Date. No further notice of entry of this Interim Order need be served by the Debtor.

7. The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rules 3001 and 3002 and all applicable securities, corporate and other laws, and do not waive compliance or excuse non-compliance therewith.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

9. This Interim Order and the Equity Transfer Procedures and the Worthless Stock Deduction Procedures approved herein shall remain in full force and effect until such time as the Court enters a final order with respect to the Motion.

10. Objections, if any, to approval of the Motion on a final basis must be in writing and timely filed in accordance with the requirements set forth in the Notice of Order and served upon the Debtors and counsel to the Debtors.

11. The Court shall hold a final hearing on the relief requested in the Motion at ~~2:00 p.m.~~ 11:00 a.m. prevailing Eastern Time on June 9, 2016.

12. Entry of this Interim Order is without prejudice to the right to any party to seek to shorten any of the time periods for filing and serving any notices or objections required hereunder.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

Dated: May 11, 2016
Wilmington, Delaware

THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

RLF1 14502657v.1