# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CHAPARRAL ENERGY, INC., | : | Case No. 16-11144 (LSS) |
| | : | |
| Reorganized Debtor.[1] | : | **Re: Docket No. 1619** |
| | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CHAPARRAL ENERGY, INC., *et al.*,[2] | : | Case No. 20-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Requested) |
| | : | |
| | : | **Re: Docket No. 13.** |

## DECLARATION OF JENNIFER M. KEOUGH

I, Jennifer M. Keough, declare as follows:

1. I am the Chief Executive Officer ("**CEO**") of JND Legal Administration LLC ("**JND**"). This Declaration is based on my personal knowledge, as well as upon information provided to me by experienced JND employees and counsel for the proposed Settlement Class[3]

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is Chaparral Energy, Inc. (0941). The Reorganized Debtor's address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

[2] The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral CO2, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Boulevard, Oklahoma City, OK 73114.

[3] All capitalized terms used but not defined herein have the meaning assigned to such terms in the *Joint Motion for the Entry of (A) a Preliminary Approval Order (I) Directing the Application of Bankruptcy Rule 7032, (II) Preliminarily Approving the Settlement, (III) Appointing the Settlement Administrator, (IV) Approving Form and Manner of Notice to Class Members, (V) Certifying a Class, Designating a Class Representative, and Appointing Class Counsel for Settlement Purposes Only, (VI) Scheduling a Settlement Fairness Hearing, and (B) a Judgment Finally Approving the Settlement* (the "**Joint Motion**").

("**Counsel**") as represented by Naylor Farms, Inc., and if called upon to do so, I could and would testify competently thereto.

2. I have more than 20 years of experience creating and supervising Notice and Claims Administration programs for lawsuits in several areas of litigation, including but not limited to class action, bankruptcy, securities, mass tort, and data breach, and have personally overseen well over 500 matters. A comprehensive description of my experience is attached hereto as **Exhibit A**.

3. JND is a legal administration services provider with headquarters located in Seattle, Washington. JND has extensive experience with all aspects of legal administration and has administered hundreds of class action settlements.

4. As CEO, I am involved in all facets of JND's operation, including monitoring the implementation of our notice and claims administration programs. JND is one of the leading legal administration firms in the country. JND's class action division provides all services necessary for the effective implementation of class action settlements including: (1) all facets of legal notice, such as outbound mailing, email notification, and the design and implementation of media programs, including through digital and social media platforms; (2) website design and deployment, including on-line claim filing capabilities; (3) call center and other contact support; (4) secure class member data management, including data obtained from third parties; (5) paper and electronic claims processing; (6) calculation design and programming; (7) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (8) qualified settlement fund tax reporting; (9) banking services and reporting; and (10) all other functions related to the secure and accurate administration of class action settlements.

5.     JND was recently approved as a vendor for the United States Securities and Exchange Commission ("**SEC**") as well as by the Federal Trade Commission ("**FTC**").  We also have Master Services Agreements with various law firms, corporations, banks, and other government agencies, which were only awarded after JND underwent rigorous reviews of our systems, privacy policies, and procedures.  JND has also been certified as SOC 2 compliant by noted accounting firm Moss Adams.  Finally, JND has been recognized by various publications, including the *National Law Journal*, the *Legal Times*, and, most recently, the *New York Law Journal*, for excellence in class action administration.

6.     The principals of JND, including myself, collectively have over 75 years of experience in class action legal and administrative fields.  We have personally overseen some of the most complex civil settlements including: $20 billion Gulf Coast Claims Facility; $10 billion Deepwater Horizon BP Settlement; $6.15 billion WorldCom Securities Settlement; $3.4 billion Indian Trust (the largest U.S. Government class action ever); and $3.05 billion VisaCheck/MasterMoney Antitrust Settlement.

7.     In the past several months alone, JND has been appointed Notice Expert in the following matters: *Linneman v. Vita-Mix Corp.*, No. 15-cv-748 (S.D. Ohio); *In re Intuit Data Litig.*, No. 15-cv-1778-EJD (N.D. Cal.); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.); *McWilliams v. City of Long Beach*, No. BC361469 (Cal. Super. Ct.); *Granados v. County of Los Angeles*, No. BC361470 (Cal. Super. Ct.); *Finerman v. Marriott Ownership Resorts, Inc.*, No. 3:14-cv-1154-J-32MCR (M.D. Fla.); *Huntzinger v. Suunto Oy*, No. 37-2018-00027159-CU-BT-CTL (Cal. Super. Ct.); and *Dover v. British Airways, PLC (UK)*, No. 12-5567 (E.D.N.Y.).  I have also been appointed as the Independent Claims Administrator ("**ICA**") by the

United States District Court for the Northern District of California in *Allagas v. BP Solar Int'l, Inc.*, No. 14-cv-00560.

8. JND and its principals, including myself, have extensive experience handling settlements in federal courts throughout the country including, but not limited to: *In re Sheridan Holding Co. I, LLC*, No. 20-31844 (S.D. Tex.); *In re SunTrust Banks, Inc. ERISA Litig.*, No. 08-cv-03384-RWS (N.D. Ga.); *Liotta v. Wolford Boutiques, LLC*, No. 16-cv-4634 (N.D. Ga.); *In re AudioEye, Inc. Sec. Litig.*, No. 15-cv-163 (DCB) (D. Ariz.); *Wornicki v. Brokerpriceopinion.com, Inc.*, No. 13-cv-03258 (PAB) (KMT) (D. Colo.); *Dixon v. Zabka*, No. 11-cv-982 (D. Conn.); *United States v. Greyhound Lines, Inc.*, No. 16-67-RGA (D. Del.); *In re Wholesale Grocery Prods. Antitrust Litig.*, No. 9-md-2090 (ADM) (TNL) (D. Minn.); *Tkachyk v. Travelers Ins.*, No. 16-28-m (DLC) (D. Mont.); *Muir v. Early Warning Servs., LLC*, No. 16-cv-00521 (D.N.J.); *San Antonio Fire & Police Pension Fund v. Dole Food Co.*, No. 15-cv-1140 (LPS) (D. Del.); *Anger v. Accretive Health*, No. 14-cv-12864 (E.D. Mich.); *Cecil v. BP Am. Prod. Co.*, No. 16-cv-410 (RAW) (E.D. Okla.); *Doughtery v. QuickSIUS, LLC*, No. 15-cv-06432-JHS (E.D. Pa.); *Chance v. E.I. Du Pont De Nemours*, No. 16-cv-00376-MAC-ZJH (E.D. Tex.); *Dover v. British Airways, PLC (UK)*, No. 12-cv-5567 (E.D.N.Y.); *Finerman v. Marriott Ownership Resorts, Inc.*, No. 14-cv-1154-J-32MCR (M.D. Fla.); *In re Yahoo! Inc. Sec. Litig.*, No. 17-cv-00373 (N.D. Cal.); *In re Akorn, Inc. Sec. Litig.*, No. 15-c-1944 (N.D. Ill.); *Easley v. Reserves Network, Inc.*, No. 16-cv-00544 (N.D. Ohio); *Jeter v. Bullseye Energy, Inc.*, No. 12-cv-411 (TCK) (PJC) (N.D. Okla.); *Parmelee v. Santander Consumer USA Holdings Inc.*, No. 16-cv-783-K (N.D. Tex.); *Pierce v. Anthem Ins. Cos.*, No. 15-cv-00562-TWP-TAB (S.D. Ind.); *Family Medicine Pharmacy LLC v. Impax Labs., Inc.*, No. 17-cv-53 (S.D. Ala.); *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-cv-644 (L) (KSC) (S.D. Cal.); *Belanger v. RoundPoint Mortg.*

*Servicing*, No. 17-cv-23307-MGC (S.D. Fla.); *Linneman v. Vita-Mix Corp.*, No. 15-cv-748 (S.D. Ohio); *Broussard v. Stein Mart, Inc.*, No. 16-cv-03247 (S.D. Tex.); *Cline v. TouchTunes Music Corp.*, No. 14-CIV-4744 (LAK) (S.D.N.Y.); *In re Global Tel\*Link Corp. Litig.*, No. 14-CV-5275 (W.D. Ark.); *Sullivan v. Wenner Media LLC*, No. 16-cv−00960-JTN-ESC (W.D. Mich.); *Backer Law Firm, LLC v. Costco Wholesale Corp.*, No. 15-cv-327 (SRB) (W.D. Mo.); *Bollenbach Enters. Ltd. P'ship v. Oklahoma Energy Acquisitions*, No. 07-cv-00134 (W.D. Okla.); *Gragg v. Orange CAB Co., Inc.*, No. CV 12-576 RSL (W.D. Wash.); *Hernandez v. Experian Info. Solutions, Inc.*, No. 05-cv-1070-DOC (MLGx) (C.D. Cal.); *Chester v. The TJX Co., Inc.*, No. 5:15-cv-01437-DDP-DTBx (C.D. Cal.); *In re Intuit Data Litig.*, No. 15-cv-1778-EJD (N.D. Cal.); and *del Toro Lopez v. Uber Techs., Inc.*, No. 17-cv-06255-YGR (N.D. Cal.).

9. JND is a "disinterested person," as the term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that JND and its profession personnel:

    a. Are not creditors, equity security holders, or insiders of the Debtors;

    b. Are not and were not, within two years before the date of the filing of the 2020 Bankruptcy Cases, directors, officers, or employees of the Debtors; and

    c. Do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

*See* 11 U.S.C. § 101(14).

10. JND further represents that:

    a. It will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Settlement Administrator in the 2020 Bankruptcy Cases;

    b. By accepting employment in the 2020 Bankruptcy Cases, JND waives any right to receive compensation from the United States government in its capacity as Settlement Administrator;

    c. In its capacity as Settlement Administrator in the 2020 Bankruptcy Cases, JND will not be an agent of the United States and will not act on behalf of the United States;

    d. It will not employ any past or present employees of the Debtors in connection with its work as Settlement Administrator in the 2020 Bankruptcy Cases;

    e. In its capacity as Settlement Administrator in the 2020 Bankruptcy Cases, JND will not intentionally misrepresent any fact to any person;

    f. None of the services provided by JND as Settlement Administrator in 2020 Bankruptcy Cases will be at the expense of the Clerk of the Bankruptcy Court for the District of Delaware.

11. Although the Debtors do not propose to retain JND under section 327 of the Bankruptcy Code pursuant to the Application, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "**Potential Parties in Interest**") in the 2020 Bankruptcy Cases. The list of Potential Parties in Interest was provided by the Debtors and included, among other things, the Debtors, non-Debtor affiliates, significant equity holders, the Debtors' current and former directors and officers, secured creditors, top 50 unsecured creditors, vendors, and other parties. The results of the conflict check were compiled and reviewed by JND professionals under my supervision. At this time, and as set forth in further detail herein, JND is not aware of any relationship that would present a disqualifying conflict of interest. Should JND discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, JND will use reasonable efforts to promptly file a supplemental declaration.

12. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither JND, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. JND may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in

which JND serves or has served in a neutral capacity as claims and noticing agent or administrative advisor for another chapter 11 debtor.

13. JND may also have relationships with other professionals to be retained by the Debtors.

14. JND has and will continue to represent clients in matters unrelated to the 2020 Bankruptcy Cases. In addition, JND and its personnel have and will continue to have relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtors' chapter 11 cases. JND may also provide professional services to entities or persons that may be creditors or parties in interest in the 2020 Bankruptcy Cases, which services do not directly relate to, or have any direct connection with, the 2020 Bankruptcy Cases or the Debtors.

15. To the best of my knowledge, neither JND nor any of its employees represent any interest materially adverse to the Debtors' estates with respect to any matter upon which JND is to be engaged. Based on the foregoing, I believe that JND is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

16. Having reviewed the Settlement Agreement in this case, I am confident JND can perform the services described therein. To that end, JND has prepared an illustrative budget for providing the required notices to the Settlement Class and administering the Settlement, attached hereto as **Exhibit B**.

7

RLF1 23875945v.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2020, in Seattle, Washington.


                By:  */s/ Jennifer M. Keough*
                       Jennifer M. Keough